Daniel, Judge.
 

 We have examined this case; and we are of opinion, that the’ judge was correct as to the law
 
 *478
 
 upon each and every point decided by him, except one. The covenants which the law required the master to enter into, and which this indenture contained, were, as we think, discharged and released by the death of the master. But we see that Harman, the master, in this deed agreed to do a thing, at the coming of lawful age of the apprentice, which the acts of assembly (I
 
 Rev. Stat.
 
 c. 5, sec. 3,) did not require him to covenant for in the indenture. He agreed
 
 “
 
 to give him” (J. Halford,) “ one horse worth fifty dollars over and above what the law allows.” The administrators of the master cannot plead the act of Providence, the death of the covenantor, as a discharge of this undertaking, as he well might, in not himself complying with those stipulations which the act of assembly had actually required the master to covenant for, and the master himself to do and perform, or have performed, during the time the relationship of master and apprentice continued. That relationship was dissolved by the death of the master. This isolated covenant to furnish the horse worth fifty dollars, rests on the footing of any other undertaking by deed that a man will do a particular thing, lawful in itself, at a future day. If the man who thus covenants dies before the day of performance, the obligation to do the thing or have it done, devolves upon his personal representative; and if he fail, the law will give the covenantee his action to recover damages. We therefore are of opinion, that a new trial must be granted.
 

 PeR Curiam. Judgment reversed.